**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Brian Doyle Bean** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | **Deborah Lea Bean** |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number (if known) | **19-10416 TPA** |

☐ Check if this is an amended filing

## Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

| Part 1: | Summarize Your Assets |
|---|---|

**Your assets**
Value of what you own

| | | | |
|---|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B) | | |
| | 1a. Copy line 55, Total real estate, from Schedule A/B........................................................... | $ | **70,000.00** |
| | 1b. Copy line 62, Total personal property, from Schedule A/B................................................... | $ | **6,028.00** |
| | 1c. Copy line 63, Total of all property on Schedule A/B............................................................ | $ | **76,028.00** |

| Part 2: | Summarize Your Liabilities |
|---|---|

**Your liabilities**
Amount you owe

| | | | |
|---|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | | |
| | 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $ | **66,618.27** |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | | |
| | 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................ | $ | **2,513.00** |
| | 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................... | $ | **14,003.00** |

| | | |
|---|---|---|
| **Your total liabilities** | $ | **83,134.27** |

| Part 3: | Summarize Your Income and Expenses |
|---|---|

| | | | |
|---|---|---|---|
| 4. | *Schedule I: Your Income* (Official Form 106I) | | |
| | Copy your combined monthly income from line 12 of *Schedule I*................................................................. | $ | **2,117.87** |
| 5. | *Schedule J: Your Expenses* (Official Form 106J) | | |
| | Copy your monthly expenses from line 22c of *Schedule J*........................................................................ | $ | **2,635.00** |

| Part 4: | Answer These Questions for Administrative and Statistical Records |
|---|---|

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

■ Yes

7. **What kind of debt do you have?**

■ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                          Best Case Bankruptcy

| Debtor 1 | *Brian Doyle Bean* | |
|---|---|---|
| Debtor 2 | *Deborah Lea Bean* | |
| | | Case number *(if known)*  **19-10416 TPA** |

8.  **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

$ _____ **2,406.67**

9.  **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | | Total claim |
|---|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ | _____ **2,513.00** |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ | _____ **0.00** |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ | _____ **0.00** |
| 9d. Student loans. (Copy line 6f.) | $ | _____ **0.00** |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ | _____ **0.00** |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ | _____ **0.00** |
| 9g. **Total.** Add lines 9a through 9f. | $ | _____ **2,513.00** |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | *Brian Doyle Bean* | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | *Deborah Lea Bean* | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA | | |
| Case number | *19-10416 TPA* | | |

☐ Check if this is an
amended filing

## Official Form 106A/B
# Schedule A/B: Property                                        12/15

In each category, separately list and describe items. List an asset only once.  If an asset fits in more than one category, list the asset in the category where you think it fits best.  Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

■ Yes.  Where is the property?

1.1

*942 East Main Street*

Street address, if available, or other description

*Corry*          *PA*     *16407-0000*

City          State     ZIP Code

*Erie*

County

**What is the property?** Check all that apply

■ Single-family home

☐ Duplex or multi-unit building

☐ Condominium or cooperative

☐ Manufactured or mobile home

☐ Land

☐ Investment property

☐ Timeshare

☐ Other _____

**Who has an interest in the property?** Check one

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| *$70,000.00* | *$70,000.00* |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

*Tenants by the Entireties*

☐ Check if this is community property
(see instructions)

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here..........................................................................=>**

| |
|---|
| *$70,000.00* |

**Part 2:** Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor 1 | *Brian Doyle Bean* | | |
|---|---|---|---|
| Debtor 2 | *Deborah Lea Bean* | Case number *(if known)* | **19-10416 TPA** |

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No

■ Yes

| 3.1 | Make: | *Ford* | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*. |
|---|---|---|---|---|

Model: *Taurus*

Year: *2001*

Approximate mileage: *150,000*

Other information:

Who has an interest in the property? Check one

☐ Debtor 1 only

■ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

| | Current value of the entire property? | Current value of the portion you own? |
|---|---|---|
| | $650.00 | $650.00 |

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No

☐ Yes

**5** Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here..........................................................................=>

| | |
|---|---|
| | $650.00 |

**Part 3:  Describe Your Personal and  Household Items**

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware

☐ No

■ Yes.  Describe.....

| *Usual and Ordinary Household Goods and Furnishings* | $3,500.00 |
|---|---|

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No

■ Yes.  Describe.....

| *Usual and Ordinary Electronics* | $600.00 |
|---|---|

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

■ No

☐ Yes.  Describe.....

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

■ No

☐ Yes.  Describe.....

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor 1 | *Brian Doyle Bean* | | |
|---|---|---|---|
| Debtor 2 | *Deborah Lea Bean* | Case number *(if known)* | **19-10416 TPA** |

**10. Firearms**
   *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
   ■ No
   ☐ Yes. Describe.....

**11. Clothes**
   *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
   ☐ No
   ■ Yes. Describe.....

| *Usual and Ordinary Wearing Apparel* | $250.00 |
|---|---|

**12. Jewelry**
   *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
   ■ No
   ☐ Yes. Describe.....

**13. Non-farm animals**
   *Examples:* Dogs, cats, birds, horses
   ☐ No
   ■ Yes. Describe.....

| *3 Dogs* | $1.00 |
|---|---|

**14. Any other personal and household items you did not already list, including any health aids you did not list**
   ■ No
   ☐ Yes. Give specific information.....

15.   **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ............................................................................................

   $4,351.00

| Part 4: | Describe Your Financial Assets |
|---|---|

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**
   *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
   ☐ No
   ■ Yes.........................................................................................................

|  | *Cash* | $17.00 |
|---|---|---|

**17. Deposits of money**
   *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
   ☐ No
   ■ Yes.......................        Institution name:

| 17.1. | *Checking* | *Wife's Checking Account @ Key Bank* | $10.00 |
|---|---|---|---|

**18. Bonds, mutual funds, or publicly traded stocks**
   *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
   ■ No
   ☐ Yes.................        Institution or issuer name:

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor 1 | *Brian Doyle Bean* |
|---|---|
| Debtor 2 | *Deborah Lea Bean* |

Case number *(if known)* **19-10416 TPA**

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
- ☑ No
- ☐ Yes. Give specific information about them....................
  Name of entity:                                           % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
- ☑ No
- ☐ Yes. Give specific information about them
  Issuer name:

21. **Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
- ☐ No
- ☑ Yes. List each account separately.

| Type of account: | Institution name: | |
|---|---|---|
| *401(k)* | *Wife's 401(k) through employment @ CRI* | *$1,000.00* |

22. **Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
- ☑ No
- ☐ Yes. .....................                    Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
- ☑ No
- ☐ Yes............    Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
- ☑ No
- ☐ Yes............    Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
- ☑ No
- ☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
- ☑ No
- ☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
- ☑ No
- ☐ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**
- ☑ No
- ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
- ☑ No

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| | |
|---|---|
| Debtor 1 | *Brian Doyle Bean* |
| Debtor 2 | *Deborah Lea Bean* |

Case number *(if known)*  **19-10416 TPA**

☐ Yes. Give specific information......

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
    benefits; unpaid loans you made to someone else
    ■ No
    ☐ Yes. Give specific information..

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
    ■ No
    ☐ Yes. Name the insurance company of each policy and list its value.
    | Company name: | Beneficiary: | Surrender or refund value: |
    |---|---|---|

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because
    someone has died.
    ■ No
    ☐ Yes. Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
    ■ No
    ☐ Yes. Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    ■ No
    ☐ Yes. Describe each claim.........

35. **Any financial assets you did not already list**
    ■ No
    ☐ Yes. Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
    for Part 4. Write that number here**..................................................................................................................

    **$1,027.00**

| **Part 5:** | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |
|---|---|

37. **Do you own or have any legal or equitable interest in any business-related property?**
    ■ No. Go to Part 6.
    ☐ Yes.  Go to line 38.

| **Part 6:** | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1. |
|---|---|

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
    ■ No. Go to Part 7.
    ☐ Yes.  Go to line 47.

| **Part 7:** | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---|---|

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership
    ■ No
    ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ......................................

    **$0.00**

| Debtor 1 | *Brian Doyle Bean* | | |
|---|---|---|---|
| Debtor 2 | *Deborah Lea Bean* | | |
| | | Case number *(if known)* | *19-10416 TPA* |

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

| 55. | **Part 1: Total real estate, line 2** ...................................................................................................... | | **$70,000.00** |
|---|---|---|---|
| 56. | **Part 2: Total vehicles, line 5** | **$650.00** | |
| 57. | **Part 3: Total personal and household items, line 15** | **$4,351.00** | |
| 58. | **Part 4: Total financial assets, line 36** | **$1,027.00** | |
| 59. | **Part 5: Total business-related property, line 45** | **$0.00** | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | **$0.00** | |
| 61. | **Part 7: Total other property not listed, line 54**   + | **$0.00** | |
| 62. | **Total personal property.** Add lines 56 through 61... | **$6,028.00** | Copy personal property total   **$6,028.00** |
| 63. | **Total of all property on Schedule A/B**. Add line 55 + line 62 | | **$76,028.00** |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Brian Doyle Bean
Deborah Lea Bean
Case No. 19-10416 TPA
Attachment to Schedule A/B

The real estate located at 942 East Main Street, Corry, Pennsylvania 16407 acquired by virtue of
a Deed dated October 29, 2015 and recorded on December 4, 2015 at Erie County Instrument
No. 2015-026592 for a purchase price of $64,000.00 subject to a Mortgage in favor of Carrington
Mortgage Services LLC dated July 25, 2016 and recorded on January 25, 2017 at Erie County
Instrument No. 2017-001673 in the face amount of $63,584.00 and a Court Order dated
December 4, 2018 and recorded on December 27, 2018 at Erie County Instrument No. 2018-
026497 amending the legal description.


#1207688

2015 026592

RETURN TO:
WORLDWIDE RECORDING, INC.
9801 LEGLER RD
LENEXA, KS 66219
1-800-316-4682

*WARRANTY DEED*

STATEMENT OF VALUE FILED:



THIS INDENTURE, made the ___29___ day of October in the year of our Lord two thousand and fifteen (2015)

BETWEEN

DOUGLAS M. PLOSS, single and JOYCE M. PROPER, single, of the Commonwealth of Pennsylvania, GRANTORS

AND

DEBORAH L. VARGAS and BRIAN D. BEAN, as joint tenants with the right of survivorship, of the City of Corry, County of Erie and Commonwealth of Pennsylvania, GRANTEES

WITNESSETH, That the said Grantor(s), for and in consideration of the sum of SIXTY FIVE THOUSAND AND NO/100 ----($65,000.00.00))-------Dollars lawful money of the United States, to them in hand paid by the said Grantee, at and before the ensealing and delivery of these presents, the receipt and payment whereof is hereby acknowledged, has/have granted, bargained, sold, released and confirmed, and by these presents do grant, bargain, sell, release and confirm unto the said Grantee(s), and to his/her/their heirs successors and assigns,

ALL THAT CERTAIN piece or parcel of land situate in the First Ward of the City of Corry, County of Erie and the State of Pennsylvania, bounded and described as follows, to-wit:

COMMENCING at a point in the south line of East Main Street, distance westerly 618.7 feet from the intersection of the south line of East Main Street with the west line of Shady Avenue:

THENCE southerly at right angles with Main Street 175 feet to a post;

THENCE westerly parallel with Main Street, 50 feet to a post in the east line of lot No. 16, house No. 938, on the Burton Plan of Lots;

THENCE northerly along said line 175 feet to the south line of Main Street;

THENCE easterly along Main Street 50 feet to the place of beginning containing 8,750 sq. feet of land, be more or less.

Parcel No. 2:

BEGINNING at a point in the north line of Burton Avenue 477.8 feet from the west line of Shady Avenue;

THENCE westerly along the north line of Burton Avenue 50 feet to the east line of Lot 23;

THENCE northerly 166 feet to the south line of a sixteen (16) foot alley known as Howard Alley on the Burton Plan of Lots;

THENCE easterly along the Alley 50 feet to the west line of Lot 25;

THENCE southerly 170.9 feet to the place of beginning, and being known as Lot No. 24 on the Burton Plan of Lots.

BEING the same premises conveyed to Douglas M. Ploss and Joyce M. Proper by deed dated November 10, 2008 and recorded in Erie County Recorder of Deeds Office in Record Book 1531 Page 1021 on November 11, 2008.

*THIS DEED* Is taken under and subject to all easements, restrictions and rights of way of record and/or those that are visible to a physical inspection.

*THE GRANTOR(S)* has/have no actual knowledge of any hazardous waste as defined in Act Number 1980-97 of the Commonwealth of Pennsylvania, having been or which is presently being disposed of on or about the property described in this deed.

*TOGETHER,* with all and singular the rights, liberties, privileges, hereditaments, improvement, and appurtenances, whatsoever thereto belonging, and the reversions and remainders, rent, issues and profits thereof; and also, all the estate and interest whatsoever of the said Grantor(s), in law or equity, of, in, to or out of the same;

*TO HAVE AND TO HOLD* the same, together with the premises hereby granted, or intended so to be, unto the said grantee(s), his, her, their its, heirs/successors, and assigns, to the use of the said Grantee(s), his, her, their, its, heirs/successors, and assigns, forever. And the said grantor(s), his, her, their, its, heirs/successors, executors and administrators, do/does thereby covenant and agree to and with the said grantee(s), his, her, their, its, heirs/successors, and assigns, that the said grantor(s), his, her, their, its, heirs/successors, and assigns, all the above, together with the above mentioned and described premises, unto the said grantee(s) his, her, their, its, heirs/successors, and assigns, against the said grantor(s) and his, her, their, its, heir/successors, and assigns and against all and every other person or persons whomsoever lawfully claiming or to claim the same shall and will generally warrant and forever defend by these presents.

*In Witness Whereof,* the said Grantor(s) has/have hereunto set his/her/their hand(s) and seal(s) the day and year first above written

**SIGNED, SEALED AND DELIVERED**
    in the presence of

_____          Douglas M. Ploss

_____          Joyce M. Proper

COMMONWEALTH OF PENNSYLVANIA    }
                                                              }ss:
COUNTY OF ERIE                              }

On the 29 day of October, 2015 before me, a Notary Public, the undersigned officer, personally appeared **Douglas M. Ploss, single,** known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument and acknowledged that he executed the same for the purposes herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

(SEAL)

Notary Public Lori Johnson

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
LORI A. JOHNSON, NOTARY PUBLIC
CITY OF CORRY, ERIE COUNTY
MY COMMISSION EXPIRES DECEMBER 5, 2015

COMMONWEALTH OF PENNSYLVANIA    }
                                                              }ss:
COUNTY OF ERIE                              }

On the 29 day of October, 2015 before me, a Notary Public, the undersigned officer, personally appeared **Joyce M. Proper, single,** known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument and acknowledged that she executed the same for the purposes herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

(SEAL)

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
LORI A. JOHNSON, NOTARY PUBLIC
CITY OF CORRY, ERIE COUNTY
MY COMMISSION EXPIRES DECEMBER 5, 2015

Notary Public Lori Johnson

I, Victor Blas _____, Esq., hereby certify that the residence of the within named Grantee is: Deborah L. Vargas and Brian D. Beam .

Address: 942 E. Main St., Corry, PA 16407

Victor Blas

REV-183 EX-(2-15)


**pennsylvania**
DEPARTMENT OF REVENUE
**Bureau of Individual Taxes**
PO BOX 280603
Harrisburg, PA 17128-0603

## REALTY TRANSFER TAX
## STATEMENT OF VALUE

See reverse for instructions.

| RECORDER'S USE ONLY | |
|---|---|
| State Tax Paid | 650.00 |
| Book Number | 2015 - 26592 |
| Page Number | |
| Date Recorded | 12/7/15 |

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) the deed is without consideration or by gift, or (3) a tax exemption is claimed. If more space is needed, please attach additional sheets. A Statement of Value (SOV) is not required if the transfer is wholly exempt from tax based on family relationship or public utility easement. However, it is recommended that a SOV accompany all documents filed for recording.

### A. CORRESPONDENT – All inquiries may be directed to the following person:

| Name | Telephone Number: |
|---|---|
| Nations Lending Services | 877 256 4117 |

| Mailing Address | City | State | ZIP Code |
|---|---|---|---|
| 9801 Legler Rd. | Lenexa | KS | 66219 |

### B. TRANSFER DATA    MM/DD/YYYY

Date of Acceptance of Document   10/29/2015

| Grantor(s)/Lessor(s) | Telephone Number: | Grantee(s)/Lessee(s) | Telephone Number: |
|---|---|---|---|
| DOUGLAS M. PLOSS and JOYCE M. PROPER | 814 688 0497 | DEBORAH VARGAS and BRIAN BEAN | 814 964 9007 |

| Mailing Address | | | | Mailing Address | | |
|---|---|---|---|---|---|---|
| 424 E. Main St. | | | | 942 E. MAIN ST., CORRY, PA 16407 | | |

| City | State | ZIP Code | City | State | ZIP Code |
|---|---|---|---|---|---|
| Corry | PA | 16407 | | | |

### C. REAL ESTATE LOCATION

| Street Address | City, Township, Borough |
|---|---|
| 942 E. MAIN ST., CORRY, PA 16407 | Corry |

| County | School District | Tax Parcel Number |
|---|---|---|
| Erie | CORRY | (5)-29-107-2 and (5)-29-107-22 |

### D. VALUATION DATA

Was transaction part of an assignment or relocation?   ☐ Y   ☒ N

| 1. Actual Cash Consideration | 2. Other Consideration | 3. Total Consideration |
|---|---|---|
| $65,000.00 | + 0.00 | = 65,000.00 |
| 4. County Assessed Value | 5. Common Level Ratio Factor | 6. Computed Value |
| 35,070.00 | x 1.18 | = 41382.60 |

### E. EXEMPTION DATA - Refer to instructions for exemption status.

| 1a. Amount of Exemption Claimed | 1b. Percentage of Grantor's Interest in Real Estate | 1c. Percentage of Grantor's Interest Conveyed |
|---|---|---|
| $ Zero | 100 % | 100 % |

2. Check Appropriate Box Below for Exemption Claimed.

☐ Will or intestate succession. _____ _____
                                        (Name of Decedent)          (Estate File Number)

☐ Transfer to a trust. (Attach complete copy of trust agreement identifying all beneficiaries.)

☐ Transfer from a trust. Date of transfer into the trust _____
    If trust was amended attach a copy of original and amended trust.

☐ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)

☐ Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.)

☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)

☐ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)

☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)

☐ Other (Please explain exemption claimed.) _____

Under penalties of law, I declare that I have examined this statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| Signature of Correspondent or Responsible Party | Date    MM/DD/YY |
|---|---|
| PLEASE SIGN AFTER PRINTING | 12/2/15 |

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT
IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**

NEXT PAGE



2015-026592

# RECORDER OF DEEDS DIVISION

### ERIE COUNTY COURTHOUSE
140 W. 6TH STREET, ROOM 121, ERIE, PA 16501
PHONE: (814) 451-6246   FAX: (814) 451-6213
EMAIL: recorder@eriecountygov.org

**KENNETH J. GAMBLE**
Erie County Clerk Of Records

| | |
|---|---|
| Instrument Number: 2015-026592 | Record Date: 12/04/2015 |
| Instrument Type: DEED | Record Time: 11:39:53 |
| | Receipt No.: 1122170 |

### Receipt Distribution

| Fee/Tax Description | Payment Amount |
|---|---|
| DEED | 15.00 |
| DEED - WRIT | .50 |
| DEED - RTT STATE | 650.00 |
| CORRY AREA S.D. | 325.00 |
| CITY OF CORRY | 325.00 |
| LOW INCOME HOUSING | 10.50 |
| J.C.S. / A.T.J | 35.50 |
| CO REC MGT ACCT | 2.00 |
| ROD REC MGT ACCT | 3.00 |
| | ---------------- |
| Check# 016 | $1,366.50 |
| | |
| Total Received........ | $1,366.50 |

Recording Page Count:    5

Paid By Remarks: NATIONS TITLE/VARGAS
JLH

I HEREBY **CERTIFY** THAT THIS DOCUMENT
IS RECORDED IN THE RECORDER OF DEEDS
OFFICE OF ERIE COUNTY, PENNSYLVANIA

KENNETH J. GAMBLE
ERIE COUNTY CLERK OF RECORDS

---

Certification Page
## DO NOT DETACH
This page is now part of this legal document.

NOTE:   Some information subject to change during the verification process and may not be reflected on this page.

**Address: 942 E MAIN ST**      **Owner: VARGAS DEBORAH L ET BEAN BRIAN D**      **Parcel: 05029107000200**

Parcel Profile

| | |
|---|---|
| Address | 942 \| E \| MAIN \| ST |
| Street Status | PAVED \| SIDEWALK |
| School District | CORRY AREA SCHOOL |
| Acreage | 0.2009 |
| Classification | R |
| Land Use Code | SINGLE FAMILY |
| Legal Description | 942 E MAIN ST 50X175 |
| Square Feet | 954 |
| Topo | LEVEL |
| Utility | ALL PUBLIC |
| Zoning | Please contact your municipal zoning officer |
| Deed Book | 2015 |
| Deed Page | 026592 |
| 2019 Tax Values | |
| Land Value / Taxable | 6,500 / 6,500.00 |
| Building Value / Taxable | 28,570 / 28,570.00 |
| Total Value / Taxable | 35,070 / 35,070.00 |
| Clean & Green | Inactive |

| | |
|---|---|
| Homestead Status | Inactive |
| Farmstead Status | Inactive |
| Lerta Amount | 0 |
| Lerta Expiration Year | 0 |

Residential Data

**Card 1**

| | |
|---|---|
| Style | BUNGALOW |
| Basement | FULL |
| Year Built | 1920 |
| Exterior Wall | ALUMINUM/VINYL |
| Total Living Area | 954 |
| Full Baths | 1 |
| Half Baths | 0 |
| Fuel Type | GAS |
| Heating | CENTRAL |
| Heating System | FORCED AIR |
| Stories | 1.0 |
| Total Bedrooms | 3 |
| Total Family Rooms | 0 |
| Total Rooms | 6 |
| Fireplaces | 0 |

Other Buildings & Yards
*No OBY Data Found*

Sales History

| Sale Date | From | To | Type | Price | Book / Page | Other Info |
|---|---|---|---|---|---|---|
| 12/4/2015 | PLOSS DOUGLAS M ET PROPER JOYCE M | VARGAS DEBORAH L ET BEAN BRIAN D | LAND & BUILDING | 65000 | 2015 / 026592 | WARRANTY/SURVIVORSHIP DEED |
| 11/14/2008 | MINNICK RICKEY S UX FALISA A | PLOSS DOUGLAS M ET PROPER JOYCE M | LAND & BUILDING | 37000 | 1531 / 1021 | DEED |
| 11/13/1990 | | | | 0 | 0143 / 0619 | |

# Parcel Sketches

# Residential Card 1



| A | MAIN | 476 square feet |
|---|------|-----------------|
| B | UNFIN BSMT BASEMENT UNFINISHED 1S FR ONE STORY FRAME | 288 square feet |
| C | FR GR FRAME GARAGE | 320 square feet |
| D | OFP OPEN FRAME PORCH | 28 square feet |
| E | EFP ENCL FRAME PORCH | 100 square feet |

# Parcel Images



# Annual Taxes

**Attention City of Erie Residents**
**Please be advised that due to the recent change in the billing cycle for the City of Erie**
**school taxes, the total for Year 2012 (school tax column) will now include the total amounts**
**for both the 2011-12 AND the 2012-13 tax years.**

| Year | County | City/Township | School | Library | Total |
|------|--------|---------------|--------|---------|-------|
| 2019 | 200.25 | 362.97 | 0 | 0 | 563.22 |
| 2018 | 189.73 | 362.97 | 493.58 | 13.82 | 1060.10 |
| 2017 | 189.73 | 362.97 | 476.11 | 13.75 | 1042.56 |
| 2016 | 180.96 | 301.60 | 458.05 | 13.89 | 954.50 |
| 2015 | 172.90 | 301.60 | 295.70 | 13.82 | 784.02 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 2014 | 172.90 | 268.29 | | 297.90 | 13.75 | 752.84 |
| 2013 | 172.90 | 268.29 | | 322.08 | 17.54 | 780.81 |
| 2012 | 201.89 | 288.65 | | 415.27 | 13.21 | 919.02 |
| 2011 | 201.89 | 288.65 | | 428.75 | 12.93 | 932.22 |
| 2010 | 201.89 | 251.94 | | 425.27 | 12.86 | 891.96 |
| 2009 | 181.87 | 251.94 | | 416.66 | 11.62 | 862.09 |
| 2008 | 173.52 | 241.93 | | 604.08 | 11.62 | 1031.15 |
| 2007 | 165.18 | 241.93 | | 615.70 | 0 | 1022.81 |
| 2006 | 165.18 | 220.24 | | 607.02 | 10.29 | 1002.73 |
| 2005 | 156.17 | 220.24 | | 616.86 | 0 | 993.27 |
| 2004 | 156.17 | 228.58 | | 546.30 | 0 | 931.05 |
| 2003 | 153.50 | 206.56 | | 532.59 | 0 | 892.65 |

# Delinquent Taxes

| Tax Year 2009 | Tax | Penalty | Interest | Total | Paid/Exon | Balance |
|---|---|---|---|---|---|---|
| COUNTY | 181.87 | 18.19 | 1.50 | 201.56 | 201.56 | 0.00 |
| TWP/BORO/CITY | 251.94 | 25.19 | 2.08 | 279.21 | 279.21 | 0.00 |
| LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| SCHOOL | 416.66 | 41.67 | 3.44 | 461.77 | 461.77 | 0.00 |
| SCHOOL LIBRARY | 11.62 | 1.16 | 0.10 | 12.88 | 12.88 | 0.00 |
| *FEES* | | | | 66.00 | 66.00 | 0.00 |

**2009 Total Due:** **$0.00**

**Grand Total Due:** **$0.00**

# Owner Info

**PARCEL ID:** 05-029-107.0-002.00
**OWNER 1:** VARGAS DEBORAH L ET BEAN BRIAN D
**OWNER 2:**
**ADDRESS 1:** 942 E MAIN ST
**ADDRESS 2:**
**ADDRESS 3:**
**CITY:** CORRY

**STATE:**      PA
**ZIP 1:**      16407
**ZIP 2:**      2062
**LEGAL 1:**    942 E MAIN ST 50X175
**LEGAL 2:**
**LEGAL 3:**

# 2001 Ford Taurus

## Sedan 4D SE

## Values

|  | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Retail |
|---|---|---|---|---|
| Base Price | $225 | $650 | $975 | $2,250 |
| Mileage (0) | N/A | N/A | N/A | N/A |
| Total Base Price | $225 | $650 | $975 | $2,250 |
| **Options** (change) |  |  |  |  |
| **Price + Options** | **$225** | **$650** | **$975** | **$2,250** |

**Rough Trade-In** - Rough Trade-In values reflect a vehicle in rough condition. Meaning a vehicle with significant mechanical defects requiring repairs in order to restore reasonable running condition. Paint, body and wheel surfaces have considerable damage to their finish, which may include dull or faded (oxidized) paint, small to medium size dents, frame damage, rust or obvious signs of previous repairs. Interior reflects above average wear with inoperable equipment, damaged or missing trim and heavily soiled /permanent imperfections on the headliner, carpet, and upholstery. Vehicle may have a branded title and un-true mileage. Vehicle will need substantial reconditioning and repair to be made ready for resale. Some existing issues may be difficult to restore. Because individual vehicle condition varies greatly, users of NADAguides.com may need to make independent adjustments for actual vehicle condition.

**Average Trade-In** - The Average Trade-In values on nadaguides.com are meant to reflect a vehicle in average condition. A vehicle that is mechanically sound but may require some repairs/servicing to pass all necessary inspections; Paint, body and wheel surfaces have moderate imperfections and an average finish and shine which can be improved with restorative repair; Interior reflects some soiling and wear in relation to vehicle age, with all equipment operable or requiring minimal effort to make operable; Clean title history; Vehicle will need a fair degree of reconditioning to be made ready for resale. Because individual vehicle condition varies greatly, users of nadaguides.com may need to make independent adjustments for actual vehicle condition.

**Clean Trade-In** - Clean Trade-In values reflect a vehicle in clean condition. This means a vehicle with no mechanical defects and passes all necessary inspections with ease. Paint, body and wheels have minor surface scratching with a high gloss finish and shine. Interior reflects minimal soiling and wear with all equipment in complete working order. Vehicle has a clean title history. Vehicle will need minimal reconditioning to be made ready for resale. Because individual vehicle condition varies greatly, users of NADAguides.com may need to make independent adjustments for actual vehicle condition.

**Clean Retail** - Clean Retail values reflect a vehicle in clean condition. This means a vehicle with no mechanical defects and passes all necessary inspections with ease. Paint, body and wheels have minor surface scratching with a high gloss finish and shine. Interior reflects minimal soiling and wear with all equipment in complete working order. Vehicle has a clean title history. Because individual vehicle condition varies greatly, users of NADAguides.com may need to make independent adjustments for actual vehicle condition. Note: Vehicles with low mileage that are in exceptionally good condition and/or include a manufacturer certification can be worth a significantly higher value than the Clean Retail price shown.

© 2019 J.D. Power. All rights reserved. ® A registered trademark of the National Automobile Dealers Association, under license to J.D. Power.

| Fill in this information to identify your case: | |
|---|---|
| **Debtor 1** | *Brian Doyle Bean* |
| | First Name    Middle Name    Last Name |
| **Debtor 2** | *Deborah Lea Bean* |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number | *19-10416 TPA* |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt                        4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

### Part 1:    Identify the Property You Claim as Exempt

1.  **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

    ☐ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

    ■ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2.  **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| ***942 East Main Street Corry, PA 16407 Erie County***<br>Line from *Schedule A/B*: **1.1** | $70,000.00 | ■ $3,381.73<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(1)* |
| ***2001 Ford Taurus 150,000 miles***<br>Line from *Schedule A/B*: **3.1** | $650.00 | ■ $650.00<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(2)* |
| ***Usual and Ordinary Household Goods and Furnishings***<br>Line from *Schedule A/B*: **6.1** | $3,500.00 | ■ $3,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(3)* |
| ***Usual and Ordinary Electronics***<br>Line from *Schedule A/B*: **7.1** | $600.00 | ■ $600.00<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(3)* |
| ***Usual and Ordinary Wearing Apparel***<br>Line from *Schedule A/B*: **11.1** | $250.00 | ■ $250.00<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(3)* |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor 1 | **Brian Doyle Bean** | | |
|---|---|---|---|
| Debtor 2 | **Deborah Lea Bean** | Case number (if known) | **19-10416 TPA** |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **3 Dogs**<br>Line from *Schedule A/B*: **13.1** | $1.00 | ■ $1.00<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(3)* |
| **Cash**<br>Line from *Schedule A/B*: **16.1** | $17.00 | ■ $17.00<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |
| **Checking: Wife's Checking Account @ Key Bank**<br>Line from *Schedule A/B*: **17.1** | $10.00 | ■ $10.00<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |
| **401(k): Wife's 401(k) through employment @ CRI**<br>Line from *Schedule A/B*: **21.1** | $1,000.00 | ■ $1,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(10)(E)* |

3. **Are you claiming a homestead exemption of more than $170,350?**
   (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

   ■ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ☐ No

       ☐ Yes

| Fill in this information to identify your case: |
|---|

| Debtor 1 | *Brian Doyle Bean* | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | *Deborah Lea Bean* | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA | | |
| Case number | *19-10416 TPA* | | |
| (if known) | | | |

☐ Check if this is an
amended filing

## Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property                                  12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☑ Yes. Fill in all of the information below.

### Part 1:    List All Secured Claims

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.  If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | | Column A | Column B | Column C |
|---|---|---|---|---|---|
| | | | Amount of claim | Value of collateral that supports this claim | Unsecured portion |
| | | | Do not deduct the value of collateral. | | If any |

| 2.1 | *Carrington Mortgage Services LLC* | Describe the property that secures the claim: | *$66,618.27* | *$70,000.00* | *$0.00* |
|---|---|---|---|---|---|

Creditor's Name

*1600 South Douglass Road*
*Suite 100 & 200-A*
*Anaheim, CA 92806*

Number, Street, City, State & Zip Code

Describe the property that secures the claim:

*942 East Main Street Corry, PA 16407  Erie County*

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____    Last 4 digits of account number _____

| Add the dollar value of your entries in Column A on this page. Write that number here: | $66,618.27 |
|---|---|
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | $66,618.27 |

### Part 2:    List Others to Be Notified for a Debt That You Already Listed

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

☐  Name, Number, Street, City, State & Zip Code
*Shapiro & DeNardo LLC*
*3600 Horizon Drive, #150*
*King of Prussia, PA 19406*

On which line in Part 1 did you enter the creditor?  *2.1*

Last 4 digits of account number ___

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                    Best Case Bankruptcy

**When recorded, return to:**

PLEASE RETURN TO:
Ameristar Information Network, LLC
6000 Campus Circle Dr. West, #100
Irving, TX 75063
Attn: Document Recordings

**This document was prepared by:**
**Teresa Martinez**
**Carrington Mortgage Services, LLC**
**1600 South Douglass Road, Suites**
**110 & 200-A**
**Anaheim, CA 92806**
**888-267-2440**

APN #: ▆▆▆▆▆▆▆

Title Order No.: ▆▆▆▆▆▆

Escrow No.: ▆▆▆▆▆                                          LOAN #: ▆▆▆▆▆

———————————— [Space Above This Line For Recording Data] ————————————

## MORTGAGE

| FHA Case No. |
|---|
| MIN: ▆▆▆▆▆ |
| MERS PHONE #: 1-888-679-6377 |

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 10, 12, 17, 19 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 15.

**(A) "Security Instrument"** means this document, which is dated
**July 25, 2016,**                        together with all Riders to this document.

PENNSYLVANIA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3039 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)                           Initials: ___ /BB
Ellie Mae, Inc.                              Page 1 of 22        PAEFHA15DL   0915
                                                                PAEDEDL (CLS)
                                                          07/21/2016 04:41 PM PST



104.50
E

**LOAN #:** ▉

**(B) "Borrower"** is **DEBORAH L. VARGAS AND BRIAN D. BEAN, AS JOINT TENANTS WITH THE RIGHT OF SURVIVORSHIP.**

Borrower is the mortgagor under this Security Instrument.
**(C) "MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has a mailing address of P.O. Box 2026, Flint, MI 48501-2026, and a street address of 1901 E Voorhees Street, Suite C, Danville, IL 61834. The MERS telephone number is (888) 679-MERS.
**(D) "Lender"** is **Carrington Mortgage Services, LLC .**

Lender is **a Limited Liability Company,** organized and existing under the laws of **Delaware.**
Lender's address is **1600 South Douglass Road, Suites 110 & 200-A, Attn: Lending Division, Anaheim, CA 92806.**
**(E) "Note"** means the promissory note signed by Borrower and dated **July 25, 2016.** The Note states that Borrower owes Lender **SIXTY THREE THOUSAND FIVE HUNDRED EIGHTY FOUR AND NO/100\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** Dollars (U.S. **$63,584.00** )
plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **August 1, 2046.**
**(F) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."
**(G) "Loan"** means the debt evidenced by the Note, plus interest, late charges due under the Note, and all sums due under this Security Instrument, plus interest.
**(H) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:
☐ Adjustable Rate Rider ☐ Condominium Rider ☐ Planned Unit Development Rider
☐ Other(s) [specify]

PENNSYLVANIA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT Form 3039 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1) Initials: _____
Ellie Mae, Inc. Page 2 of 22 PAEFHA15DL 0915
PAEDEDL (CLS)
07/21/2016 04:41 PM PST



Escrow File No.: ▓▓▓▓

## EXHIBIT "A"

**ALL THAT CERTAIN** piece or parcel of land situate in the First Ward of the City of Corry, County of Erie and the State of Pennsylvania, bounded and described as follows, to-wit:

**COMMENCING** at a point in the south line of East Main Street, distance westerly 618.7 feet from the intersection of the south line of East Main Street with the west line of Shady Avenue;

**THENCE** southerly at right angles with Main Street 175 feet to a post;

**THENCE** westerly parallel with Main Street, 50 feet to a post in the east line of lot No. 16, house No. 938, on the Burton Plan of Lots;

**THENCE** northerly along said line 175 feet to the south line of Main Street;

**THENCE** easterly along Main Street 50 feet to the place of beginning containing 8,750 sq, feet of land, be more or less.

Parcel No. 2:

**BEGINNING** at a point in the north line of Burton Avenue 477.8 feet from the west line of Shady Avenue;

**THENCE** westerly along the north line of Burton Avenue 50 feet to the east line of Lot 23;

**THENCE** northerly 166 feet to the south line of a sixteen (16) foot alley known as Howard Alley on the Burton Plan of Lots;

**THENCE** easterly along the Alley 50 feet to the west line of Lot 25;

**THENCE** southerly 170.9 feet to the place of beginning, and being known as Lot No. 24 on the Burton Plan of Lots.

**BEING** the same premises conveyed to Douglas M. Ploss and Joyce M. Proper by deed dated November 10, 2008 and recorded in Erie County Recorder of Deeds Office in Record Book 1531 Page 1021 on November 11, 2008.

**LOAN #:** ███████

**(I) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(J) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(K) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(L) "Escrow Items"** means those items that are described in Section 3.

**(M) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(N) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(O) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(P) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (12 C.F.R. Part 1024), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(Q) "Secretary"** means the Secretary of the United States Department of Housing and Urban Development or his designee.

**(R) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY
This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's

PENNSYLVANIA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT  Form 3039 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)
Ellie Mae, Inc.  Page 3 of 22  Initials: _____
PAEFHA15DL / 0915
PAEDEDL (CLS)
07/21/2016 04:41 PM PST



LOAN #: ███████

covenants and agreements under this Security Instrument and the Note. For this pur-
pose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee
for Lender and Lender's successors and assigns) and to the successors and assigns of
MERS, with power of sale, the following described property located in the
**County** of **Erie**
[Type of Recording Jurisdiction]     [Name of Recording Jurisdiction]:
**SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF
AS "EXHIBIT A".
APN #: 05-029-1070-002-00**

which currently has the address of   **942 East Main Street, Corry,**

[Street] [City]

Pennsylvania **16407**      ("Property Address"):
          [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property,
and all easements, appurtenances, and fixtures now or hereafter a part of the property.
All replacements and additions shall also be covered by this Security Instrument. All of
the foregoing is referred to in this Security Instrument as the "Property." Borrower under-
stands and agrees that MERS holds only legal title to the interests granted by Borrower
in this Security Instrument, but, if necessary to comply with law or custom, MERS (as
nominee for Lender and Lender's successors and assigns) has the right: to exercise any
or all of those interests, including, but not limited to, the right to foreclose and sell the
Property; and to take any action required of Lender including, but not limited to, releasing
and canceling this Security Instrument.

PENNSYLVANIA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3039 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)                           Initials: _DV/BB_
Ellie Mae, Inc.                    Page 4 of 22          PAEFHA15DL   0915
                                                         PAEDEDL (CLS)
                                                         07/21/2016 04:41 PM PST



LOAN #: 

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
**1. Payment of Principal, Interest, Escrow Items, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 14. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

PENNSYLVANIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3039 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)
Ellie Mae, Inc.                                    Page 5 of 22          Initials: _____
                                                                     PAEFHA15DL   0915
                                                                     PAEDEDL (CLS)
                                                                     07/21/2016 04:41 PM PST

**LOAN #:** ████████

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority:

First, to the Mortgage Insurance premiums to be paid by Lender to the Secretary or the monthly charge by the Secretary instead of the monthly mortgage insurance premiums;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and,

Fifth, to late charges due under the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, to be paid by Lender to the Secretary or the monthly charge by the Secretary instead of the monthly Mortgage Insurance premiums. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any

PENNSYLVANIA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3039 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)                                    Initials: _____
Ellie Mae, Inc.                                **Page 6 of 22**                 PAEFHA15DL    0915
                                                                              PAEDEDL (CLS)
                                                                              07/21/2016 04:41 PM PST



**LOAN #:** ▉▉▉▉▉▉▉▉

or all Escrow Items at any time by a notice given in accordance with Section 14 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation

PENNSYLVANIA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3039 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)                                                  Initials: _____
Ellie Mae, Inc.                                              Page 7 of 22                    PAEFHA15DL   0915
                                                                                             PAEDEDL (CLS)
                                                                                             07/21/2016 04:41 PM PST



**LOAN #:** 

secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

   **5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

   If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

**LOAN #:** ▮▮▮▮▮▮

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 24 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

PENNSYLVANIA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3039 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)
Ellie Mae, Inc.                                        Page 9 of 22            Initials: DV/RB
                                                                              PAEFHA15DL   0915
                                                                              PAEDEDL (CLS)
                                                                              07/21/2016 04:41 PM PST



LOAN #: 

    **6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that this requirement shall cause undue hardship for the Borrower or unless extenuating circumstances exist which are beyond Borrower's control.

    **7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

    If condemnation proceeds are paid in connection with the taking of the property, Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts, and then to payment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments or change the amount of such payments.

    Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

    **8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

    **9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect

PENNSYLVANIA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3039 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)
Ellie Mae, Inc.                            **Page 10 of 22**

Initials: _____
PAEFHA15DL  0915
PAEDEDL (CLS)
07/21/2016 04:41 PM PST

**LOAN #:** ████████

Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. Borrower shall not surrender the leasehold estate and interests herein conveyed or terminate or cancel the ground lease. Borrower shall not, without the express written consent of Lender, alter or amend the ground lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay

PENNSYLVANIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3039 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)                           Initials: ____
Ellie Mae, Inc.                         Page 11 of 22                    PAEFHA15DL    0915
                                                                        PAEDEDL (CLS)
                                                                        07/21/2016 04:41 PM PST



LOAN #: 

Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of

PENNSYLVANIA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3039 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)
Ellie Mae, Inc.                      Page 12 of 22                    Initials: _____
                                                                      PAEFHA15DL    0915
                                                                      PAEDEDL (CLS)
                                                                      07/21/2016 04:41 PM PST

LOAN #: ▓▓▓▓▓▓▓

Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 17, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 19) and benefit the successors and assigns of Lender.

**13. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. Lender may collect fees and charges authorized by the Secretary. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.



**LOAN #:** ███████

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment with no changes in the due date or in the monthly payment amount unless the Note holder agrees in writing to those changes. Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**14. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**15. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.



**LOAN #:** ████

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**16. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 17, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 14 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to reinstatement of a mortgage. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. However, Lender is not required to reinstate if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceedings; (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument. Lender may require that Borrower pay such

PENNSYLVANIA.–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3039 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)    Initials: ____
Ellie Mae, Inc.    Page 15 of 22    PAEFHA15DL    0915
PAEDEDL (CLS)
07/21/2016 04:41 PM PST



LOAN #: ████████

reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 17.

**19. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

**20. Borrower Not Third-Party Beneficiary to Contract of Insurance.** Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower acknowledges and agrees that the Borrower is not a third party beneficiary to the contract of insurance between the Secretary and Lender, nor is Borrower entitled to enforce any agreement between Lender and the Secretary, unless explicitly authorized to do so by Applicable Law.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

PENNSYLVANIA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3039 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)
Ellie Mae, Inc.                                        Page 16 of 22
Initials: _____
PAEFHA15DL    0915
PAEDEDL (CLS)
07/21/2016 04:41 PM PST



LOAN #: ███████

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

**22. Grounds for Acceleration of Debt.**

**(a) Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

**(b) Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but

PENNSYLVANIA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3039 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)
Ellie Mae, Inc.    Page 17 of 22    Initials: 
PAEFHA15DL   0915
PAEDEDL (CLS)
07/21/2016 04:41 PM PST

LOAN #: 

his or her credit has not been approved in accordance with the requirements of
the Secretary.

**(c) No Waiver.** If circumstances occur that would permit Lender to require immediate
payment in full, but Lender does not require such payments, Lender does not waive
its rights with respect to subsequent events.

**(d) Regulations of HUD Secretary.** In many circumstances regulations issued by
the Secretary will limit Lender's rights, in the case of payment defaults, to require
immediate payment in full and foreclose if not paid. This Security Instrument does not
authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e) Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the
Note are not determined to be eligible for insurance under the National Housing Act
within 60 days from the date hereof, Lender may, at its option, require immediate
payment in full of all sums secured by this Security Instrument. A written statement
of any authorized agent of the Secretary dated subsequent to 60 days from the date
hereof, declining to insure this Security Instrument and the Note, shall be deemed
conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may
not be exercised by Lender when the unavailability of insurance is solely due to
Lender's failure to remit a mortgage insurance premium to the Secretary.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree
as follows:

**23. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender
all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents
to collect the rents and revenues and hereby directs each tenant of the Property to pay
the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of
Borrower's breach of any covenant or agreement in the Security Instrument, Borrower
shall collect and receive all rents and revenues of the Property as trustee for the benefit
of Lender and Borrower. This assignment of rents constitutes an absolute assignment
and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall
be held by Borrower as trustee for benefit of Lender only, to be applied to the sums
secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all
of the rents of the Property; and (c) each tenant of the Property shall pay all rents due
and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not
perform any act that would prevent Lender from exercising its rights under this Section 23.

Lender shall not be required to enter upon, take control of or maintain the Property
before or after giving notice of breach to Borrower. However, Lender or a judicially

PENNSYLVANIA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3039 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)                                Initials: _____
Ellie Mae, Inc.                        Page 18 of 22              PAEFHA15DL  0915
                                                                   PAEDEDL (CLS)
                                                                07/21/2016 04:41 PM PST

**LOAN #:** <span>████</span>

appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**24. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 17 unless Applicable Law provides otherwise). Lender shall notify Borrower of, among other things: (a) the default; (b) the action required to cure the default; (c) when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. Lender shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured as specified, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 24, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by Applicable Law.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Section 22, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Section 24 or applicable law.

**25. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**26. Waivers.** Borrower, to the extent permitted by Applicable Law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

PENNSYLVANIA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3039 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)                                    Initials: _____
Ellie Mae, Inc.                                    Page 19 of 22                PAEFHA15DL    0915
                                                                                PAEDEDL (CLS)
                                                                                07/21/2016 04:41 PM PST



LOAN #: ▮▮▮▮▮▮▮

**27. Reinstatement Period.** Borrower's time to reinstate provided in Section 18 shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

**28. Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**29. Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

 

_____     7-25-16 (Seal)
DEBORAH L. VARGAS                          DATE

_____     7/25/16 (Seal)
BRIAN D BEAN                               DATE

PENNSYLVANIA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3039 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)                            Initials: _____
Ellie Mae, Inc.                              Page 20 of 22           PAEFHA15DL  0915
                                                                     PAEDEDL (CLS)
                                                                     07/21/2016 04:41 PM PST



**LOAN #:** 

Commonwealth of PENNSYLVANIA
County of ERIE

On this, the 25th day of July, 2016, before me, Preston E Thompson, the undersigned officer, personally appeared DEBORAH L. VARGAS AND BRIAN D BEAN, known to me (or satisfactorily proven) to be the person whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

My commission expires: Sept 17, 2018

Notary Public

Title of Officer

Lender: Carrington Mortgage Services, LLC
NMLS ID: 2600
Loan Originator: Justin Elias Alsabti
NMLS ID: 289393

PENNSYLVANIA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3039 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)                          Initials: ___
Ellie Mae, Inc.                         Page 21 of 22          PAEFHA15DL   0915
                                                              PAEDEDL (CLS)
                                                              07/21/2016 04:41 PM PST



**LOAN #** ███████

Certificate of Residence

I, ___Tetonya Williamson___, do hereby certify that the correct address of the within-named Mortgagee is 1600 South Douglass Road, Suites 110 & 200-A, Attn: Lending Division, Anaheim, CA 92806.

Witness my hand this ___25th___ day of ___July, 2016___

___Tetonya Williamson___
Agent of Mortgagee

PENNSYLVANIA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3039 1/01
Modified for FHA 9/2014 (HUD Handbook 4000.1)                            Initials: _____
Ellie Mae, Inc.                          **Page 22 of 22**
                                                        PAEFHA15DL   0915
                                                          PAEDEDL (CLS)
                                                    07/21/2016 04:41 PM PST



# ALL-PURPOSE ACKNOWLEDGMENT

State of _PENNSYLVANIA_

County of _ERIE_

On _7/25th 2016_ before me, _Preston TE Thompson_
   DATE                         NAME OF NOTARY PUBLIC

personally appeared _DeBorah Vargas and Brian D Bean_
                          NAME(S) OF SIGNER(S)

☐ personally known to me  OR  ☑ proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized
capacity(ies), an that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
PRESTON E. THOMPSON II
Notary Public
CITY OF ERIE, ERIE COUNTY
My Commission Expires Sep 17, 2018

WITNESS my hand and official seal.

Place Notary Seal or Stamp Here

_____
SIGNATURE OF NOTARY

ATTENTION NOTARY:  Although the information requested below is OPTIONAL, it may prove valuable to persons
relying on this Acknowledgment and could prevent fraudulent reattachment of this certificate to another document.

## DESCRIPTION OF ATTACHED DOCUMENT

THIS CERTIFICATE
MUST BE ATTACHED
TO THE  DOCUMENT
DESCRIBED AT RIGHT

_Uniform Instrument_
TITLE OR TYPE OF DOCUMENT

_One_
NUMBER OF PAGES

_7/25/2016_
DATE OF DOCUMENT

_NA_
SIGNER(S) OTHER THAN NAMED ABOVE

Erie County PA Recorder of Deeds  Inst #: 2017-001673  1/25/2017  11:10:35 AM  Page 1 of 25
Document Receipts



# RECORDER OF DEEDS DIVISION

**ERIE COUNTY COURTHOUSE**
140 W. 6TH STREET, ROOM 121, ERIE, PA 16501
PHONE: (814) 451-6246   FAX: (814) 451-6213
EMAIL: recorder@eriecountypa.gov

KENNETH J. GAMBLE
Erie County Clerk Of Records

2017-001673

\* CORRECTED \*

| | |
|---|---|
| Instrument Number: 2017-001673 | Record Date: 1/25/2017 |
| Instrument Type: MORTGAGE | Record Time: 11:10:35 |
| Indexed Party: VARGAS DEBORAH L | Receipt No.: 1157015 |

### Receipt Distribution

| Fee/Tax Description | Payment Amount |
|---|---|
| MORTGAGE | 53.00 |
| MORTGAGE-WRIT | .50 |
| LOW INCOME HOUSING | 10.50 |
| J.C.S. / A.T.J | 35.50 |
| CO REC MGT ACCT | 2.00 |
| ROD REC MGT ACCT | 3.00 |
| Check# 7311 | $104.50 |
| Total Received......... | $104.50 |

Recording Page Count: 25

Paid By Remarks: AMERISTAR/VARGAS CM

I HEREBY **CERTIFY** THAT THIS DOCUMENT
IS RECORDED IN THE RECORDER OF DEEDS
OFFICE OF ERIE COUNTY, PENNSYLVANIA

KENNETH J. GAMBLE
ERIE COUNTY CLERK OF RECORDS

### Certification Page
## DO NOT DETACH

This page is now part of this legal document.

NOTE: Some information subject to change during the verification process and may not be reflected on this page.



# RECORDER OF DEEDS DIVISION

**ERIE COUNTY COURTHOUSE**
140 W. 6TH STREET, ROOM 121, ERIE, PA 16501
PHONE: (814) 451-6246 FAX: (814) 451-6213
EMAIL: recorder@eriecountypa.gov

**KENNETH J. GAMBLE**
Erie County Clerk Of Records

2018-019428

---

**Certification Page**
## DO NOT DETACH
**This page is now part of this legal document.**

---

Instrument Number: 2018-019428          Record Date:    9/20/2018

Instrument Type: ASSIGNMENT/MORTGAG     Record Time:    02:18:28

Indexed Party:   BEAN                   Receipt No.:    1206312

---

## Receipt Distribution

| Fee/Tax Description | Payment Amount |
|---|---|
| ASSIGNMENT/MORTGAG | 13.00 |
| ASSIGN/MORT- WRIT | .50 |
| J.C.S. / A.T.J | 40.25 |
| CO REC MGT ACCT | 2.00 |
| ROD REC MGT ACCT | 3.00 |
| ACH | $58.75 |
| Total Received........ | $58.75 |

Recording Page Count:   5

Paid By Remarks: Filed Electronically via Web

I HEREBY **CERTIFY** THAT THIS DOCUMENT
IS RECORDED IN THE RECORDER OF DEEDS
OFFICE OF ERIE COUNTY, PENNSYLVANIA

**KENNETH J. GAMBLE**
**ERIE COUNTY CLERK OF RECORDS**

NOTE:  Some information subject to change during the verification process and may not be reflected on this page.

Erie County PA Recorder of Deeds   Inst. # 2018-018428   9/20/2018 2:18:28 PM   Page 2 of 5

| Prepared By and Return to: | Shapiro & DeNardo, LLC |
| --- | --- |
| | 3600 Horizon Drive, Suite 150 |
| | King of Prussia, PA 19406 |
| | (610)278-6800 |
| Parcel ID#: | 05029107000200 and 05029107002200 |

Client No.:

MIN #

MERS #



## ASSIGNMENT OF MORTGAGE

**Mortgage Electronic Registration Systems, Inc., as nominee for Carrington Mortgage Services, LLC, its successors and assigns** (Assignor), with an office located at 1901 E. Voorhees St., Suite C, Danville, IL 61834; P.O. Box 2026, Flint, MI 48501-2026 for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt of which is acknowledged, assigns, transfers, and/or conveys to **Carrington Mortgage Services, LLC** (Assignee), a corporation with an office located at 1600 South Douglass Road, Suite 200-A, Anaheim, California 92806 and authorized to do business at that address, all of its right, title and interest, as holder of, in, and to the following described mortgage, the property described by the mortgage:

ORIGINAL MORTGAGOR(S): Deborah L. Vargas and Brian D. Bean

ORIGINAL MORTGAGEE:    Mortgage Electronic Registration Systems, Inc., as nominee for Carrington

Mortgage Services, LLC, its successors and assigns

| DATE EXECUTED: | July 25, 2016 | AMOUNT SECURED: $63,584.00 |
| --- | --- | --- |
| DATE RECORDED: | January 25, 2017 | Document ID# |

Recorded in Erie County, Commonwealth of Pennsylvania ("Mortgage").

Property Address: 942 East Main Street, Corry, PA 16407

Assignee its successors, legal representatives and assigns shall hold all rights under the Mortgage forever, subject however, to the right and equity of redemption, if any, of the maker(s) of the Mortgage, their heirs and assigns forever.

The legal description is attached as Exhibit "A".

Assignor, by its appropriate corporate officers, has executed and sealed with its corporate seal this Assignment of Mortgage on this 14 day of September ,2018.

(Affix Corporate Seal)

Mortgage Electronic Registration Systems, Inc., as nominee for Carrington Mortgage Services, LLC, its successors and assigns

Name: Elizabeth A. Ostermann
Title: Assist Secretary of MERS

State of California
County of Orange
On SEP 14 2018 , before me,
Wheny Wulandari , Notary Public,
personally appeared, Elizabeth A. Ostermann , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)
Wheny Wulandari

WHENY WULANDARI
Notary Public – California
Orange County
Commission # 2214915
My Comm. Expires Oct 17, 2021

| I hereby certify that the correct address of the ASSIGNEE is: 1600 South Douglass Road Suite 200-A Anaheim, California 92806 _____ Naomi Austin Our File No Client No | Please RECORD / RETURN to: Shapiro & DeNardo, LLC 3600 Horizon Drive, Suite 150 King of Prussia, PA 19406 Tel: (610)278-6800 Fax: (610)278-9980 |
|---|---|

Exhibit "A"

ALL THAT CERTAIN piece or parcel of land situate in the First Ward of the City of Corry, County of Erie and the State of Pennsylvania, bounded and described as follows, to-wit;

COMMENCING at a point in the south line of East Main Street, distance westerly 618.7 feet from the intersection of the south line of East Main Street with the west line of Shady Avenue;

THENCE Southerly at right angles with Main Street 175 feet to a post;
THENCE Westerly parallel with Main Street, 50 feet to a post in the east line of lot No. 16. house No. 938, on the Burton Plan of Lots;
THENCE Northerly along said line 175 feet to the south line of Main Street;
THENCE Easterly along Main Street 50 feet to the place of beginning containing 8,750 sq. feet of land, be more or less.

Parcel No. 2:

BEGINNING at a point in the north line of Burton Avenue, 477.8 feet from the West line of Shady Avenue;
THENCE Westerly along the north line of Burton Avenue 50 feet to the east line of Lot 23;
THENCE Northerly 166 feet to the south line of a sixteen (16) foot alley known as Howard Alley on the Burton Plan of Lots;
THENCE Easterly along the Alley 50 feet to the west line of Lot 25;
THENCE Southerly 170.9 feet to the place of beginning and being known as Lot No. 24 on the Burton Plan of Lots.

BEING KNOWN AS: 942 East Main Street, Corry, PA 16407

BEING TAX PARCEL NOS. 05029107000200 and 05029107002200

Being the same premises in which Douglass M. Ploss and Joyce M. Proper, by deed dated 10/29/2015 and recorded 12/04/2015 in the Office of the Recorder of Deeds, in and for

Erie County PA Recorder of Deeds   Inst # 2015-018428   9/29/2018 2:18:38 PM   Page 5 of 5

the County of Erie, Commonwealth of Pennsylvania, in Instrument No. 2015-026592, granted and conveyed unto Deborah L. Vargas and Brian D. Bean as joint tenants with the right of survivorship, in fee.

# RECORDER OF DEEDS DIVISION



**ERIE COUNTY COURTHOUSE**
140 W. 6TH STREET, ROOM 121, ERIE, PA 16501
PHONE: (814) 451-6246   FAX: (814) 451-6213
EMAIL: recorder@eriecountypa.gov

KENNETH J. GAMBLE
Erie County Clerk Of Records

---

### Certification Page
## DO NOT DETACH
#### This page is now part of this legal document.

---

Instrument Number: 2018-026497

Instrument Type:   COURT ORDER

Record Date:   12/27/2018

Record Time:   10:49:10

Receipt No.:   1213853

---

## Receipt Distribution

| Fee/Tax Description | Payment Amount |
|---|---|
| COURT ORDER | 13.00 |
| COURT ORDER WRIT | .50 |
| CO REC MGT ACCT | 2.00 |
| ROD REC MGT ACCT | 3.00 |
| Check# 7439 | $18.50 |
| Total Received........ | $18.50 |

Recording Page Count:   3

Paid By Remarks: SHAPIRO & DENARDO/VARGAS
JT

---

I HEREBY **CERTIFY** THAT THIS DOCUMENT
IS RECORDED IN THE RECORDER OF DEEDS
OFFICE OF ERIE COUNTY, PENNSYLVANIA

KENNETH J. GAMBLE
ERIE COUNTY CLERK OF RECORDS

---

NOTE:  Some information subject to change during the verification process and may not be reflected on this page.

Carrington Mortgage Services, LLC

PLAINTIFF

VS.

Deborah L. Vargas and Brian D. Bean

DEFENDANTS

COURT OF COMMON PLEAS
CIVIL DIVISION
ERIE COUNTY

NO: 2018-12545

2018 DEC -4 PH 1: 58
CLERK OF RECLAIM
PROTHONOTARY
COMMON PLEAS COURT
ERIE, PA

**ORDER**

**AND NOW** this 4th day of DEC. , 2018, in consideration of Plaintiff's

Motion to Reform the Legal Description in the Mortgage, and the response thereto, if any, of

Defendants, it is hereby

**ORDERED AND DECREED** that the Plaintiff's Motion to Reform the Legal Description

in the Mortgage is hereby **GRANTED** and the Legal Description of the Mortgage reformed to

reflect the following correct legal description:

ALL THAT CERTAIN piece or parcel of land situate in the First Ward of the City of
Corry, County of Erie and the State of Pennsylvania, bounded and described as follows,
to-wit;

COMMENCING at a point in the south line of East Main Street, distance westerly 618.7
feet from the intersection of the south line of East Main Street with the west line of Shady
Avenue;

THENCE Southerly at right angles with Main Street 175 feet to a post;
THENCE Westerly parallel with Main Street, 50 feet to a post in the east line of lot No.
16, house No. 938, on the Burton Plan of Lots;
THENCE Northerly along said line 175 feet to the south line of Main Street;
THENCE Easterly along Main Street 50 feet to the place of beginning containing 8,750
sq. feet of land, be more or less.

Parcel No. 2:

BEGINNING at a point in the north line of Burton Avenue, 477.8 feet from the West line
of Shady Avenue;

18.50
E

THENCE Westerly along the north line of Burton Avenue 50 feet to the east line of Lot 23;

THENCE Northerly 166 feet to the south line of a sixteen (16) foot alley known as Howard Alley on the Burton Plan of Lots;

THENCE Easterly along the Alley 50 feet to the west line of Lot 25;

THENCE Southerly 170.9 feet to the place of beginning and being known as Lot No. 24 on the Burton Plan of Lots.

BEING KNOWN AS: 942 East Main Street, Corry, PA 16407

BEING TAX PARCEL NOS. 05029107000200 and 05029107002200

Being the same premises in which Douglass M. Ploss and Joyce M. Proper, by deed dated 10/29/2015 and recorded 12/04/2015 in the Office of the Recorder of Deeds, in and for the County of Erie, Commonwealth of Pennsylvania, in Instrument No. 2015-026592, granted and conveyed unto Deborah L. Vargas and Brian D. Bean as joint tenants with the right of survivorship, in fee.

It is further **ORDERED** and **DECREED** that the Recorder of Deeds for Erie County is

directed to record, file and index an Order to said effect in and amongst the appropriate land

records correcting the legal description of the Mortgage recorded on January 25, 2017in the

Recorder of Deeds Office of Erie County, Pennsylvania, Instrument #2017-001673.

John Garhart, Judge

J.

No objection / No Arguments

I, Kenneth J. Gamble, Prothonotary of the Court of Common Pleas of Erie County, Pa., do certify that this is a true and correct copy of the record filed in

Prothonotary

Date: 12-13-18    Deputy: *LCutt*

CC: Alison Tulio, Esq.

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *Brian Doyle Bean* |
| | First Name          Middle Name          Last Name |
| Debtor 2 | *Deborah Lea Bean* |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number | *19-10416 TPA* |
| (if known) | |

☐ Check if this is an
  amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:      List All of Your PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims against you?**

☐ No. Go to Part 2.

☑ Yes.

2.  **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

(For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|

| 2.1 | *Misty McLaughlin* | Last 4 digits of account number ___ ___ ___ ___ | *$2,513.00* | *$2,513.00* | *$0.00* |
|---|---|---|---|---|---|

Priority Creditor's Name

*9032 Land Lane*
*Hayes, VA 23072*
Number Street City State Zip Code

**When was the debt incurred?** _____

**As of the date you file, the claim is:** Check all that apply

**Who incurred the debt?** Check one.

☐ Debtor 1 only          ☐ Contingent

☐ Debtor 2 only          ☐ Unliquidated

☑ Debtor 1 and Debtor 2 only          ☐ Disputed

☐ At least one of the debtors and another          **Type of PRIORITY unsecured claim:**

☐ **Check if this claim is for a community debt**          ☑ Domestic support obligations

**Is the claim subject to offset?**          ☐ Taxes and certain other debts you owe the government

☑ No          ☐ Claims for death or personal injury while you were intoxicated

☐ Yes          ☐ Other. Specify _____

*Child Support*

### Part 2:      List All of Your NONPRIORITY Unsecured Claims

3.  **Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☑ Yes.

4.  **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

Total claim

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    49460                    Best Case Bankruptcy

Debtor 1 *Brian Doyle Bean*
Debtor 2 *Deborah Lea Bean*

Case number *(if known)* **19-10416 TPA**

---

| 4.1 | *Capital One Bank (USA), N.A.* | Last 4 digits of account number _____ | $600.00 |

Nonpriority Creditor's Name
*P.O. Box 71083*
*Charlotte, NC 28272-1083*
Number Street City State Zip Code

**When was the debt incurred?** *2017*

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify *Credit Card Purchases*

---

| 4.2 | *Comenity Bank* | Last 4 digits of account number _____ | $700.00 |

Nonpriority Creditor's Name
*Bankruptcy Dept.*
*P.O. Box 182273*
*Columbus, OH 43218-2273*
Number Street City State Zip Code

**When was the debt incurred?** *2017*

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify *Credit Card Purchases*

---

| 4.3 | *Comenity Bank/Peebles* | Last 4 digits of account number _____ | $1,000.00 |

Nonpriority Creditor's Name
*Bankruptcy Dept.*
*P.O. Box 182273*
*Columbus, OH 43218-2273*
Number Street City State Zip Code

**When was the debt incurred?** *2017*

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify *Credit Card Purchase*

---

| Debtor 1 | *Brian Doyle Bean* | |
|---|---|---|
| Debtor 2 | *Deborah Lea Bean* | |

Case number *(if known)*  **19-10416 TPA**

---

| 4.4 | **Doyle and Shiela Bean** | Last 4 digits of account number _____ | **$1,000.00** |
|---|---|---|---|

Nonpriority Creditor's Name

*46890 Mickly Road*
*Pittsfield, PA 16340*

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

When was the debt incurred?    *2018*

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    *Loan*

---

| 4.5 | **Northwest Bank** | Last 4 digits of account number _____ | **$10,000.00** |
|---|---|---|---|

Nonpriority Creditor's Name

*100 Liberty Street*
*Drawer 128*
*Warren, PA 16365-0128*

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

When was the debt incurred?

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    *Loan*

---

| 4.6 | **Synchrony Bank/JCPenney** | Last 4 digits of account number _____ | **$700.00** |
|---|---|---|---|

Nonpriority Creditor's Name

*ATTENTION:  Bankruptcy Dept.*
*P.O. Box 965061*
*Orlando, FL 32896*

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

When was the debt incurred?    *2017*

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    *Credit Card Purchases*

---

| Debtor 1 | *Brian Doyle Bean* | | |
|---|---|---|---|
| Debtor 2 | *Deborah Lea Bean* | Case number *(if known)* | *19-10416 TPA* |

| | | | |
|---|---|---|---|
| 4.7 | *Titusville Area Hospital* | **Last 4 digits of account number** _____ | *$1.00* |

Nonpriority Creditor's Name

*406 W. Oak Street*
*Titusville, PA 16354*

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**    *2009*

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    *Medical Bill*

---

| | | | |
|---|---|---|---|
| 4.8 | *UPMC Hamot* | **Last 4 digits of account number** _____ | *$1.00* |

Nonpriority Creditor's Name

*P.O. Box 382059*
*Pittsburgh, PA 15250*

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**    *2016*

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    *Medical Bill*

---

| | | | |
|---|---|---|---|
| 4.9 | *Warren General Hospital* | **Last 4 digits of account number** _____ | *$1.00* |

Nonpriority Creditor's Name

*2 W. Crescent Park*
*Warren, PA 16365*

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

**When was the debt incurred?**    *2013*

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    *Medical Bill*

---

**Part 3:**    **List Others to Be Notified About a Debt That You Already Listed**

**5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.**

**Part 4:**    **Add the Amounts for Each Type of Unsecured Claim**

---

| Debtor 1 | *Brian Doyle Bean* | |
|---|---|---|
| Debtor 2 | *Deborah Lea Bean* | |
| | | Case number (if known)  *19-10416 TPA* |

**6.  Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.**

|  |  |  |  | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ *2,513.00* |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ *0.00* |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ *0.00* |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ *0.00* |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ *2,513.00* |

|  |  |  |  | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $ *0.00* |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ *0.00* |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ *0.00* |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ *14,003.00* |
| | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ *14,003.00* |

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | *Brian Doyle Bean* | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | *Deborah Lea Bean* | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA | | |
| Case number | *19-10416 TPA* | | |
| (if known) | | | |

☐ Check if this is an
amended filing

## Official Form 106G

## Schedule G: Executory Contracts and Unexpired Leases                        12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).**

1.   **Do you have any executory contracts or unexpired leases?**
   ☑ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.   **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| 2.1 | |
| Name | |
| Number     Street | |
| City                    State           ZIP Code | |
| 2.2 | |
| Name | |
| Number     Street | |
| City                    State           ZIP Code | |
| 2.3 | |
| Name | |
| Number     Street | |
| City                    State           ZIP Code | |
| 2.4 | |
| Name | |
| Number     Street | |
| City                    State           ZIP Code | |
| 2.5 | |
| Name | |
| Number     Street | |
| City                    State           ZIP Code | |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

<table>
<tr><td colspan="2" style="background:black;color:white">Fill in this information to identify your case:</td></tr>
<tr><td>Debtor 1</td><td>*Brian Doyle Bean*<br>First Name      Middle Name      Last Name</td></tr>
<tr><td>Debtor 2<br>(Spouse if, filing)</td><td>*Deborah Lea Bean*<br>First Name      Middle Name      Last Name</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>WESTERN DISTRICT OF PENNSYLVANIA</td></tr>
<tr><td>Case number<br>(if known)</td><td>*19-10416 TPA*</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 106H
## Schedule H: Your Codebtors          12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

■ No
☐ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

■ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| *Column 1:* **Your codebtor**<br>Name, Number, Street, City, State and ZIP Code | *Column 2:* **The creditor to whom you owe the debt**<br>Check all schedules that apply: |
|---|---|
| **3.1** _____<br>Name<br><br>_____<br>Number   Street<br>City     State     ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| **3.2** _____<br>Name<br><br>_____<br>Number   Street<br>City     State     ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | *Brian Doyle Bean* |
| Debtor 2 (Spouse, if filing) | *Deborah Lea Bean* |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number (If known) | *19-10416 TPA* |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income                                                        12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| 1. | **Fill in your employment information.** | | |
| | If you have more than one job, attach a separate page with information about additional employers. | **Employment status** ☐ Employed ■ Not employed | **Employment status** ■ Employed ☐ Not employed |
| | Include part-time, seasonal, or self-employed work. | **Occupation** | *Computer* |
| | | **Employer's name** | *CRI, Inc.* |
| | Occupation may include student or homemaker, if it applies. | **Employer's address** | *3410 West 12th Street Erie, PA 16505* |
| | | **How long employed there?** | *9 Months* |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ *0.00* | $ *1,906.67* |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$ *0.00* | +$ *0.00* |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. | $ *0.00* | $ *1,906.67* |

Debtor 1   **Brian Doyle Bean**
Debtor 2   **Deborah Lea Bean**                                                Case number (*if known*)   **19-10416 TPA**

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | **Copy line 4 here** | 4. | $              0.00 | $         1,906.67 |

5. **List all payroll deductions:**

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $              0.00 | $            288.80 |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $              0.00 | $              0.00 |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $              0.00 | $              0.00 |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $              0.00 | $              0.00 |
| 5e. | **Insurance** | 5e. | $              0.00 | $              0.00 |
| 5f. | **Domestic support obligations** | 5f. | $              0.00 | $              0.00 |
| 5g. | **Union dues** | 5g. | $              0.00 | $              0.00 |
| 5h. | **Other deductions.** Specify: | 5h.+ | $              0.00 + | $              0.00 |
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $              0.00 | $            288.80 |
| 7. | **Calculate total monthly take-home pay.**  Subtract line 6 from line 4. | 7. | $              0.00 | $         1,617.87 |

8. **List all other income regularly received:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm**<br>Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $              0.00 | $              0.00 |
| 8b. | **Interest and dividends** | 8b. | $              0.00 | $              0.00 |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive**<br>Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $              0.00 | $              0.00 |
| 8d. | **Unemployment compensation** | 8d. | $              0.00 | $              0.00 |
| 8e. | **Social Security** | 8e. | $              0.00 | $              0.00 |
| 8f. | **Other government assistance that you regularly receive**<br>Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify: | 8f. | $              0.00 | $              0.00 |
| 8g. | **Pension or retirement income** | 8g. | $              0.00 | $              0.00 |
| 8h. | **Other monthly income.** Specify:   *Odd Jobs* | 8h.+ | $            500.00 + | $              0.00 |
| 9. | **Add all other income.**  Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $            500.00 | $              0.00 |
| 10. | **Calculate monthly income.**  Add line 7 + line 9.<br>Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $            500.00 + | $         1,617.87  = $   2,117.87 |

11. **State all other regular contributions to the expenses that you list in** *Schedule J.*
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify:                                                                                      11. +$              0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.**  The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies                                                                                     12.  $   2,117.87

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
   ■ No.
   ☐ Yes. Explain:   *The husband occasionally works odd jobs.  The Joint Debtor also receives mileage reimbursement from her employment.*

**Fill in this information to identify your case:**

Debtor 1 **Brian Doyle Bean**

Debtor 2 **Deborah Lea Bean**
(Spouse, if filing)

United States Bankruptcy Court for the: WESTERN DISTRICT OF PENNSYLVANIA

Case number **19-10416 TPA**
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses                                                    12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1:   Describe Your Household

1.  **Is this a joint case?**

    ☐ No. Go to line 2.

    ■ Yes. **Does Debtor 2 live in a separate household?**

    ■ No

    ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.  **Do you have dependents?**   ■ No

    Do not list Debtor 1 and Debtor 2.   ☐ Yes.  Fill out this information for each dependent...........

    Do not state the dependents names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**   ■ No   ☐ Yes

### Part 2:   Estimate Your Ongoing Monthly Expenses

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.**

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | **Your expenses** |
|---|---|

4.  **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.                        4. $ _____ *550.00*

    **If not included in line 4:**

    4a.  Real estate taxes                                                4a. $ _____ *0.00*
    4b.  Property, homeowner's, or renter's insurance                     4b. $ _____ *0.00*
    4c.  Home maintenance, repair, and upkeep expenses                    4c. $ _____ *40.00*
    4d.  Homeowner's association or condominium dues                      4d. $ _____ *0.00*

5.  **Additional mortgage payments for your residence,** such as home equity loans   5. $ _____ *0.00*

| Debtor 1 | **Brian Doyle Bean** | | | |
|---|---|---|---|---|
| Debtor 2 | **Deborah Lea Bean** | Case number (if known) | **19-10416 TPA** | |

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. Electricity, heat, natural gas | 6a. | $ | **250.00** |
| | 6b. Water, sewer, garbage collection | 6b. | $ | **95.00** |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | **150.00** |
| | 6d. Other. Specify: | 6d. | $ | **0.00** |
| 7. | **Food and housekeeping supplies** | 7. | $ | **600.00** |
| 8. | **Childcare and children's education costs** | 8. | $ | **0.00** |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ | **40.00** |
| 10. | **Personal care products and services** | 10. | $ | **50.00** |
| 11. | **Medical and dental expenses** | 11. | $ | **200.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ | **250.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ | **15.00** |
| 14. | **Charitable contributions and religious donations** | 14. | $ | **0.00** |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. Life insurance | 15a. | $ | **0.00** |
| | 15b. Health insurance | 15b. | $ | **0.00** |
| | 15c. Vehicle insurance | 15c. | $ | **125.00** |
| | 15d. Other insurance. Specify: | 15d. | $ | **0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. | $ | **0.00** |
| 17. | **Installment or lease payments:** | | | |
| | 17a. Car payments for Vehicle 1 | 17a. | $ | **0.00** |
| | 17b. Car payments for Vehicle 2 | 17b. | $ | **0.00** |
| | 17c. Other. Specify: | 17c. | $ | **0.00** |
| | 17d. Other. Specify: | 17d. | $ | **0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I).** | 18. | $ | **270.00** |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. | $ | **0.00** |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.** | | | |
| | 20a. Mortgages on other property | 20a. | $ | **0.00** |
| | 20b. Real estate taxes | 20b. | $ | **0.00** |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $ | **0.00** |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $ | **0.00** |
| | 20e. Homeowner's association or condominium dues | 20e. | $ | **0.00** |
| 21. | **Other:** Specify: | 21. | +$ | **0.00** |
| 22. | **Calculate your monthly expenses** | | | |
| | 22a. Add lines 4 through 21. | | $ | **2,635.00** |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | | $ | **2,635.00** |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. Copy line 12 (your combined monthly income) from Schedule I. | 23a. | $ | **2,117.87** |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. | -$ | **2,635.00** |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your monthly net income. | 23c. | $ | **-517.13** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.

☐ Yes. | Explain here: **The Debtor husband has to go to the doctor one time a month, which is not covered by insurance, and costs approximately $200.00 per month. The Debtor wife drives 40 miles a day, round trip, to work.**

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Brian Doyle Bean** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | **Deborah Lea Bean** |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number (if known) | **19-10416 TPA** |

☐ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Sign Below**

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes. Name of person _____  Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

| X **/s/ Brian Doyle Bean** | X **/s/ Deborah Lea Bean** |
|---|---|
| **Brian Doyle Bean** | **Deborah Lea Bean** |
| Signature of Debtor 1 | Signature of Debtor 2 |
| Date **May 23, 2019** | Date **May 23, 2019** |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | *Brian Doyle Bean* |
| | First Name                     Middle Name                     Last Name |
| Debtor 2 | *Deborah Lea Bean* |
| (Spouse if, filing) | First Name                     Middle Name                     Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number (if known) | *19-10416 TPA* |

☐ Check if this is an amended filing

## Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy

4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Give Details About Your Marital Status and Where You Lived Before

1. **What is your current marital status?**

   ■ Married
   ☐ Not married

2. **During the last 3 years, have you lived anywhere other than where you live now?**

   ■ No
   ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | | |

3. **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

   ■ No
   ☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2    Explain the Sources of Your Income

4. **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
   Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
   If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

   ☐ No
   ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ■ Wages, commissions, bonuses, tips | *$1,500.00* | ■ Wages, commissions, bonuses, tips | *$8,726.18* |
| | ☐ Operating a business | | ☐ Operating a business | |

| Debtor 1 | Brian Doyle Bean | |
|---|---|---|
| Debtor 2 | Deborah Lea Bean | Case number *(if known)* **19-10416 TPA** |

|  | **Debtor 1** | | **Debtor 2** | |
|---|---|---|---|---|
|  | Sources of income<br>Check all that apply. | Gross income<br>(before deductions and exclusions) | Sources of income<br>Check all that apply. | Gross income<br>(before deductions and exclusions) |
| **For last calendar year:**<br>(January 1 to December 31, 2018 ) | ■ Wages, commissions, bonuses, tips<br>☐ Operating a business | $0.00 | ■ Wages, commissions, bonuses, tips<br>☐ Operating a business | $16,000.00 |
| **For the calendar year before that:**<br>(January 1 to December 31, 2017 ) | ■ Wages, commissions, bonuses, tips<br>☐ Operating a business | $28,000.00 | ■ Wages, commissions, bonuses, tips<br>☐ Operating a business | $23,000.00 |

5.  **Did you receive any other income during this year or the two previous calendar years?**
Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☐ No
■ Yes. Fill in the details.

|  | **Debtor 1** | | **Debtor 2** | |
|---|---|---|---|---|
|  | Sources of income<br>Describe below. | Gross income from each source<br>(before deductions and exclusions) | Sources of income<br>Describe below. | Gross income<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | *Unemployment Compensation* | $0.00 | | |
| **For last calendar year:**<br>(January 1 to December 31, 2018 ) | *Unemployment Compensation* | $2,800.00 | | |
| **For the calendar year before that:**<br>(January 1 to December 31, 2017 ) | *Unemployment Compensation* | $5,600.00 | | |

**Part 3:    List Certain Payments You Made Before You Filed for Bankruptcy**

6.  **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐ No.   **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,825* or more?

☐ No.    Go to line 7.
☐ Yes    List below each creditor to whom you paid a total of $6,825* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
* Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.

■ Yes.   **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

■ No.    Go to line 7.
☐ Yes    List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor 1 | **Brian Doyle Bean** | |
|---|---|---|
| Debtor 2 | **Deborah Lea Bean** | |
| | | Case number *(if known)*   **19-10416 TPA** |

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|

**7.** **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

■ No
☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

**8.** **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

■ No
☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|

**Part 4:**   **Identify Legal Actions, Repossessions, and Foreclosures**

**9.** **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No
■ Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| **Carrington Mortgage Services LLC vs. Brian D. Bean and Deborah L. Vargas No. 2018-12545** | **Mortgage Foreclosure** | **Court of Common Pleas of Erie County Erie County Courthouse 140 West Sixth Street Erie, PA 16501** | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>**Judgment was entered in the amount of $65,129.15 on December 5, 2018.** |

**10.** **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

■ No. Go to line 11.
☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property<br><br>Explain what happened | Date | Value of the property |
|---|---|---|---|

**11.** **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**
■ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

**12.** **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**
■ No
☐ Yes

| Debtor 1 | *Brian Doyle Bean* | | |
|---|---|---|---|
| Debtor 2 | *Deborah Lea Bean* | | |
| | | Case number *(if known)* | *19-10416 TPA* |

## Part 5:    List Certain Gifts and Contributions

**13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

☑ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person<br><br>Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| | | | |

**14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

☑ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600<br>Charity's Name<br>**Address** (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|
| | | | |

## Part 6:    List Certain Losses

**15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

☑ No
☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property*. | Date of your loss | Value of property lost |
|---|---|---|---|
| | | | |

## Part 7:    List Certain Payments or Transfers

**16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
☑ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| *Quinn, Buseck, Leemhuis, Toohey, & Kroto*<br>*2222 West Grandview Boulevard*<br>*Erie, PA 16506* | *As of the date of the filing of the Petition, Counsel for the Debtor has received a total of $1,000.00, which represents $500.00 in attorney's fees and a $500.00 expense charge. This expense charge includes the filing fee, a bringdown search fee, and photocopying and postage costs.* | *4/25/2019* | *$1,000.00* |

**17. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

☑ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| | | | |

| Debtor 1 | **Brian Doyle Bean** | | | |
|---|---|---|---|---|
| Debtor 2 | **Deborah Lea Bean** | | Case number *(if known)* | **19-10416 TPA** |

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☐ No
■ Yes. Fill in the details.

| Person Who Received Transfer Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| *UNKNOWN* | *2004 Chevrolet Monte Carlo; $350.00* | *$350.00* | *2017* |

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

| **Part 8:** | **List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units** |
|---|---|

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☐ No
■ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| *Northwest Bank*<br>*100 Liberty Street*<br>*Drawer 128*<br>*Warren, PA 16365-0128* | XXXX- | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | *2018* | *$5.00* |

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ No
☐ Yes. Fill in the details.

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

| | |
|---|---|
| Debtor 1    *Brian Doyle Bean* | |
| Debtor 2    *Deborah Lea Bean* | |
| | Case number *(if known)*    **19-10416 TPA** |

---

**Part 9:    Identify Property You Hold or Control for Someone Else**

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

    ■ **No**
    ☐ **Yes. Fill in the details.**

| Owner's Name
Address (Number, Street, City, State and ZIP Code) | Where is the property?
(Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|
| | | | |

---

**Part 10:    Give Details About Environmental Information**

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

    ■ **No**
    ☐ **Yes. Fill in the details.**

| Name of site
Address (Number, Street, City, State and ZIP Code) | Governmental unit
Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

25. **Have you notified any governmental unit of any release of hazardous material?**

    ■ **No**
    ☐ **Yes. Fill in the details.**

| Name of site
Address (Number, Street, City, State and ZIP Code) | Governmental unit
Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

26. **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

    ■ **No**
    ☐ **Yes. Fill in the details.**

| Case Title
Case Number | Court or agency
Name
Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|
| | | | |

---

**Part 11:    Give Details About Your Business or Connections to Any Business**

27. **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

    ☐ **A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time**

    ☐ **A member of a limited liability company (LLC) or limited liability partnership (LLP)**

    ☐ **A partner in a partnership**

    ☐ **An officer, director, or managing executive of a corporation**

    ☐ **An owner of at least 5% of the voting or equity securities of a corporation**

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor 1    **Brian Doyle Bean**
Debtor 2    **Deborah Lea Bean**

Case number *(if known)*    **19-10416 TPA**

---

■ **No. None of the above applies. Go to Part 12.**

☐ **Yes. Check all that apply above and fill in the details below for each business.**

| Business Name<br>Address<br><small>(Number, Street, City, State and ZIP Code)</small> | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

■ **No**
☐ **Yes. Fill in the details below.**

| Name<br>Address<br><small>(Number, Street, City, State and ZIP Code)</small> | Date Issued |
|---|---|

**Part 12:    Sign Below**

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
**18 U.S.C. §§ 152, 1341, 1519, and 3571.**

*/s/ Brian Doyle Bean*                          */s/ Deborah Lea Bean*

**Brian Doyle Bean**                              **Deborah Lea Bean**
**Signature of Debtor 1**                        **Signature of Debtor 2**

Date    **May 23, 2019**                         Date    **May 23, 2019**

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?
■ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?
■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *Brian Doyle Bean* |
| Debtor 2 (Spouse, if filing) | *Deborah Lea Bean* |
| United States Bankruptcy Court for the: | Western District of Pennsylvania |
| Case number (if known) | *19-10416 TPA* |

**Check as directed in lines 17 and 21:**

According to the calculations required by this Statement:

- ■ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).
- ☐ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3). _____
- ■ 3. The commitment period is 3 years.
- ☐ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

## Official Form 122C-1
## Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

### Part 1:    Calculate Your Average Monthly Income

1. **What is your marital and filing status?** Check one only.
   - ☐ **Not married.** Fill out Column A, lines 2-11.
   - ■ **Married.** Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ *0.00* | $ *1,906.67* |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ *0.00* | $ *0.00* |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Do not include payments from a spouse. Do not include payments you listed on line 3. | $ *0.00* | $ *0.00* |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $ *0.00* | | |
| Ordinary and necessary operating expenses | -$ *0.00* | | |
| Net monthly income from a business, profession, or farm | $ *0.00* Copy here -> | $ *0.00* | $ *0.00* |

6. **Net income from rental and other real property**

| | Debtor 1 | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $ *0.00* | | |
| Ordinary and necessary operating expenses | -$ *0.00* | | |
| Net monthly income from rental or other real property | $ *0.00* Copy here -> $ | *0.00* | $ *0.00* |

Official Form 122C-1    **Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period**    page 1

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor 1 | *Brian Doyle Bean* |
|---|---|
| Debtor 2 | *Deborah Lea Bean* |

Case number (*if known*)   __*19-10416 TPA*__

|  |  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 7. | **Interest, dividends, and royalties** | $ _____ 0.00 | $ _____ 0.00 |
| 8. | **Unemployment compensation** | $ _____ 0.00 | $ _____ 0.00 |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

| For you | $ _____ 0.00 |
| For your spouse | $ _____ 0.00 |

| 9. | **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. | $ _____ 0.00 | $ _____ 0.00 |
|---|---|---|---|

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total below.

|  |  | Column A | Column B |
|---|---|---|---|
| *Odd Jobs* | | $ _____ *500.00* | $ _____ 0.00 |
|  | | $ _____ 0.00 | $ _____ 0.00 |
| Total amounts from separate pages, if any. | + | $ _____ 0.00 | $ _____ 0.00 |

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ _____ *500.00* + $ _____ *1,906.67* = $ _____ *2,406.67*

Total average<br>monthly income

| **Part 2:** | Determine How to Measure Your Deductions from Income |
|---|---|

12. **Copy your total average monthly income from line 11.** ........................................   $ _____ *2,406.67*

13. **Calculate the marital adjustment.** Check one:

☐ You are not married. Fill in 0 below.

■ You are married and your spouse is filing with you. Fill in 0 below.

☐ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 below.

_____   $ _____
_____   $ _____
_____   + $ _____

Total ........................   $ _____ *0.00*   Copy here=>   - _____ *0.00*

14. **Your current monthly income.** Subtract line 13 from line 12.   $ _____ *2,406.67*

15. **Calculate your current monthly income for the year.** Follow these steps:

15a. Copy line 14 here=> ...........................................................................   $ _____ *2,406.67*

Multiply line 15a by 12 (the number of months in a year).   x 12

15b. The result is your current monthly income for the year for this part of the form. ...........................   $ _____ *28,880.04*

Official Form 122C-1   **Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period**   page 2

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com   Best Case Bankruptcy

| Debtor 1 | **Brian Doyle Bean** | | |
|---|---|---|---|
| Debtor 2 | **Deborah Lea Bean** | Case number (*if known*) | **19-10416 TPA** |

16. **Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live.                          **PA**

16b. Fill in the number of people in your household.          **2**

16c. Fill in the median family income for your state and size of household.                    $ ____**66,649.00**____

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

17. **How do the lines compare?**

17a. ■ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C-2).

17b. ☐ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3 and fill out Calculation of Your Disposable Income (Official Form 122C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

| Part 3: | Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4) |
|---|---|

18. **Copy your total average monthly income from line 11 .**                    $ ____**2,406.67**____

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

19a. If the marital adjustment does not apply, fill in 0 on line 19a.          -$ ____**0.00**____

19b. **Subtract line 19a from line 18.**          $ ____**2,406.67**____

20. **Calculate your current monthly income for the year.** Follow these steps:

20a. Copy line 19b          $ ____**2,406.67**____

Multiply by 12 (the number of months in a year).          **x 12**

20b. The result is your current monthly income for the year for this part of the form.          $ ____**28,880.04**____

20c. Copy the median family income for your state and size of household from line 16c          $ ____**66,649.00**____

21. **How do the lines compare?**

■ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years.* Go to Part 4.

☐ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years.* Go to Part 4.

| Part 4: | Sign Below |
|---|---|

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X  **/s/ Brian Doyle Bean**                          X  **/s/ Deborah Lea Bean**
   **Brian Doyle Bean**                                 **Deborah Lea Bean**
   Signature of Debtor 1                               Signature of Debtor 2

Date  **May 23, 2019**                                Date  **May 23, 2019**
   MM / DD / YYYY                                      MM / DD / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

Official Form 122C-1        **Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period**                    **page 3**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

# Notice Required by 11 U.S.C. § 342(b) for
# Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

> **You are an individual filing for bankruptcy,** and

> **Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

> Chapter 7 - Liquidation

> Chapter 11 - Reorganization

> Chapter 12 - Voluntary repayment plan for family farmers or fishermen

> Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | | Liquidation |
|---|---|---|
| | $245 | filing fee |
| | $75 | administrative fee |
| + | $15 | trustee surcharge |
| | $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

> most taxes;

> most student loans;

> domestic support and property settlement obligations;

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                              Best Case Bankruptcy

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

**Chapter 11: Reorganization**

|   | | |
|---|---|---|
| | $1,167 | filing fee |
| + | $550 | administrative fee |
| | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Chapter 12: Repayment plan for family farmers or fishermen

|   | $200 | filing fee |
|---|------|------------|
| + | $75 | administrative fee |
|   | $275 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

|   | $235 | filing fee |
|---|------|------------|
| + | $75 | administrative fee |
|   | $310 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

## Bankruptcy crimes have serious consequences

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

## Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

## Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html .

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/ BankruptcyResources/ApprovedCredit AndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Western District of Pennsylvania

In re    **Brian Doyle Bean**
**Deborah Lea Bean**
_____    Case No.    **19-10416 TPA**

Debtor(s)    Chapter    **13**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.    Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

■ **FLAT FEE**

For legal services, I have agreed to accept ........................................    $ _____ **4,000.00**

Prior to the filing of this statement I have received ..........................    $ _____ **500.00**

Balance Due ....................................................................................    $ _____ **3,500.00**

☐ **RETAINER**

For legal services, I have agreed to accept and received a retainer of ........    $ _____

The undersigned shall bill against the retainer at an hourly rate of ........    $ _____
[Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

2.    The source of the compensation paid to me was:

■ Debtor    ☐ Other (specify):

3.    The source of compensation to be paid to me is:

■ Debtor    ☐ Other (specify):

4.    ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.    Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.    Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c.    Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d.    [Other provisions as needed]

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following service:
**As of the date of the filing of the Petition, Counsel for the Debtor has received a total of $1,000.00, which represents $500.00 in attorney's fees and a $500.00 expense charge. This expense charge includes the filing fee, a bringdown search fee, and photocopying and postage costs. The Debtor has agreed to a flat fee of $4,000.00 for attorney's fees, (subject to any increases approved by the Court in the "no-look fee") for the preparation and filing of the Bankruptcy Petition, Schedules, and related documents, Chapter 13 Plan, Motion for Wage Attachment, as well as the attendance of counsel at the First Meeting of Creditors and Confirmation Hearing. Additional services, such as the filing of Motions to Avoid Liens, Objections to Claim, Motions and/or Complaints for Sale of Personal and/or Real Property, Adversary Proceedings, including but not limited to fraudulent conveyance actions, preference actions, turnover actions, and the defense of Objections to Discharge, the filing of Amended Chapter 13 Plans, and/or the conversion of the case to a Chapter 7 proceeding will be done on an hourly basis of $275.00 per hour additional charge to the Debtor.  Any and all additional fees and costs shall be approved by the Court and paid through the Debtor's Chapter 13 Plan.**

In re    *Brian Doyle Bean*
*Deborah Lea Bean*
_____
Debtor(s)

Case No.    *19-10416 TPA*
_____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
### (Continuation Sheet)

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

*May 23, 2019*
_____
*Date*

*/s/ Michael S. JanJanin, Esquire*
_____
*Michael S. JanJanin, Esquire 38880*
*Signature of Attorney*
*Quinn, Buseck, Leemhuis, Toohey, & Kroto, Inc.*
*2222 West Grandview Boulevard*
*Erie, PA 16506*
*(814)833-2222   Fax: (814)833-6753*
_____
*Name of law firm*

# QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC.
### ATTORNEYS AT LAW

Michael S. Jan Janin
mjanjanin@quinnfirm.com

2222 W. Grandview Blvd.
Erie, PA 16506
814/833-2222 Phone
814/833-6753 Fax
www.quinnfirm.com

April 3, 2019

Brian Doyle Bean and
Deborah Lea Bean
942 East Main Street
Corry, PA 16407

**Email: countrygirldv182@gmail.com**

Dear Deborah and Brian:

You have asked us, the Quinn Law Firm, to represent you in connection with a Chapter 13 bankruptcy, and we are pleased to do so.

It is our Firm's practice to confirm in writing (1) the identity of any client whom we undertake to represent, (2) the nature of our undertaking on behalf of that client and (3) our billing and payment arrangements with respect to our legal services. We do this to avoid the possibility of any future misunderstanding about these matters.

We understand that we are being engaged to act as counsel for BRIAN DOYLE BEAN and DEBORAH LEA BEAN a/k/a DEBORAH LEA VARGAS and for no other entity or entities and that we are to file a voluntary Chapter 13 bankruptcy petition on your behalf in the United States Bankruptcy Court for the Western District of Pennsylvania, Erie Division.

Our flat fee for a Chapter 13 Bankruptcy is the Court's approved minimum legal fees of $4,000 plus the court approved costs in the amount of $500 (which includes the $310 filing fee, search fee and other actual out-of-pocket costs) for a total of $4,500. Upon receipt of the completed bankruptcy schedules and a retainer in the amount of $1,000, we will file a voluntary Chapter 13 Bankruptcy Petition on your behalf in the United States Bankruptcy Court for the Western District of Pennsylvania, Erie Division. If the Chapter 13 Plan is confirmed, the balance of the legal fees will be paid by the Chapter 13 Trustee over the life of the Chapter 13 Plan. If the Chapter 13 Plan is not confirmed, you have no further liability whatsoever for the payment of legal fees.

This fee includes representing you over the five (5) year life of the Chapter 13 Plan and includes the filing fee for the preparation and filing of the bankruptcy petition, schedules, and related documents, chapter 13 plan, and motion for a wage attachment, as well as the attendance of counsel at the first meeting of creditors and confirmation hearing.



April 3, 2019
Page 2

It is our Firm's policy to require that a retainer be deposited with us to be applied against services and costs incurred. Our retainer in this matter is $1,000. Statements for professional services and related charges, based upon our standard billing practices as described in this letter, will be presented to you and will be payable upon presentation as described above. Your advance payment will be applied by us to any outstanding balances that may be due to us at the time our engagement is concluded or our services terminated. To the extent no amounts are then owing, we will refund such advanced payment to you.

We will seek to keep you informed as to the progress of our engagement. As appropriate, we would expect to send you copies of significant papers prepared or received by us. If you have any question(s) about our services or about the status of our engagement, please feel free to contact me at any time.

We would, at this time, like to confirm that you are in agreement with the matters set forth herein. Therefore, we would ask that you sign and date the enclosed copy of this letter in the spaces provided below and return the same to us for our files. If the foregoing is not in accordance with your understanding of our agreement in any respect, please contact me so that we may address your concerns promptly. We look forward to working for you.

Very truly yours,

QUINN, BUSECK, LEEMHUIS, TOOHEY &
KROTO, INC.

By _____
       Michael S. Jan Janin

ACCEPTED AND ACKNOWLEDGED:

By _____
        Brian Doyle Bean

By _____
        Deborah Lea Bean

DATE: _____

#1201491

# United States Bankruptcy Court
## Western District of Pennsylvania

| | | | |
|---|---|---|---|
| In re | **Brian Doyle Bean** | Case No. | **19-10416 TPA** |
| | **Deborah Lea Bean** | Chapter | **13** |
| | Debtor(s) | | |

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtors hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date:   **May 23, 2019**          **/s/ Brian Doyle Bean**
                                **Brian Doyle Bean**
                                Signature of Debtor

Date:   **May 23, 2019**          **/s/ Deborah Lea Bean**
                                **Deborah Lea Bean**
                                Signature of Debtor

Capital One Bank (USA), N.A.
P.O. Box 71083
Charlotte, NC 28272-1083

Carrington Mortgage Services LLC
1600 South Douglass Road
Suite 100 & 200-A
Anaheim, CA 92806

Comenity Bank
Bankruptcy Dept.
P.O. Box 182273
Columbus, OH 43218-2273

Comenity Bank/Peebles
Bankruptcy Dept.
P.O. Box 182273
Columbus, OH 43218-2273

Doyle and Shiela Bean
46890 Mickly Road
Pittsfield, PA 16340

Misty McLaughlin
9032 Land Lane
Hayes, VA 23072

Northwest Bank
100 Liberty Street
Drawer 128
Warren, PA 16365-0128

Shapiro & DeNardo LLC
3600 Horizon Drive, #150
King of Prussia, PA 19406

Synchrony Bank/JCPenney
ATTENTION: Bankruptcy Dept.
P.O. Box 965061
Orlando, FL 32896

Titusville Area Hospital
406 W. Oak Street
Titusville, PA 16354

UPMC Hamot
P.O. Box 382059
Pittsburgh, PA 15250

Warren General Hospital
2 W. Crescent Park
Warren, PA 16365